IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| **JAIME FORD**, *on behalf of herself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>**GLUTALITY PROVIDER GROUP, P.A.**,<br><br>Serve registered agent:<br>C T Corporation System<br>1200 South Pine Island Road<br>Plantation, Florida 33324<br><br>*Defendant*. | Civil Case No.: 3:23-cv-5082<br><br>**JURY TRIAL DEMANDED** |

# CLASS ACTION COMPLAINT

1. This action arises out of the relentless marketing practices of Defendant, Glutality Provider Group, P.A. ("Glutality" or "Defendant") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Glutality makes, or has made on its behalf, aggressive telemarketing calls soliciting its diabetic monitoring services.

3. These calls use artificial voice or prerecorded voice technologies.

4. These calls are made to individuals like Jaime Ford ("Plaintiff" or "Ford") and the putative class members, whose phone numbers are on the National Do-Not-Call Registry.

5. The TCPA prohibits making artificial voice and prerecorded voice telemarketing calls to individuals without the requisite form of consent to place such calls.

6. The TCPA prohibits telephone solicitations to those who, like Ms. Ford, and the putative class members, have registered their telephone numbers on the National Do-Not-Call

1

Registry.

7. Accordingly, Ms. Ford brings this action on behalf of herself and classes of similarly situated individuals.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9. This Court has jurisdiction over Glutality because Glutality transacts business in this District, Glutality made calls into this District as part of the business it conducts in this District and Glutality targeted citizens/residents of this District with its illegal calling campaigns.

10. Venue is proper in this District because some of the wrongful conduct giving rise to this case occurred in and/or were directed from this District.

## PARTIES

11. Ms. Ford is, and at all times mentioned herein was, a citizen and resident of Carl Junction, Missouri.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. Glutality is, and at all times mentioned herein was, a Florida corporation headquartered at 401 Fairway Drive, Suite 200, Deerfield Beach, Florida 33441.

14. Glutality is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## TCPA BACKGROUND

15. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

2

can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

16. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and artificial and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

17. The TCPA also establishes a national "do not call" database of numbers not to be called. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

18. These regulations are codified at 47 C.F.R. §§ 64.1200(e)(1-2).

19. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

20. A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

21. Further, a person or entity can be liable for calls made on its behalf in violation of

3

the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

22. Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

## FACTUAL ALLEGATIONS

23. Ms. Ford is the user of cellular telephone number (XXX)-XXX-1138.

24. Ms. Ford's cellular telephone number (XXX)-XXX-1138 is used for residential purposes and is not associated with a business.

25. Ms. Ford's cellular telephone number (XXX)-XXX-1138 has been on the National Do-Not-Call Registry since May 10, 2023.

26. Ms. Ford personally placed her cellular telephone number (XXX)-XXX-1138 on the National Do-Not-Call Registry.

27. On or about August 15, 2023, Ms. Ford began receiving telephone calls from Glutality or a third-party calling on Glutality's behalf soliciting diabetic monitoring services.

28. These calls came from changing ten-digit numbers.

29. For example, on August 15, 2023 at 4:46pm, Ms. Ford received a call from telephone number (417) 201-1747.

30. Ms. Ford did not answer the call.

31. Glutality left Ms. Ford a prerecorded message on her voicemail soliciting diabetic monitoring services.

32. When telephone number (417) 201-1747 is called, a live representative answers and thanks the caller for calling Glutality.

33. On August 22, 2023 at 11:15am, Ms. Ford received a call from telephone number (417) 246-4142.

34. Ms. Ford did not answer the call.

35. Glutality left her a prerecorded message on her voicemail soliciting diabetic monitoring services.

36. The prerecorded message was identical to the prerecorded message she received on August 15, 2023. The calls left prerecorded voicemail messages for Ms. Ford stating, in part, "Please call us back regarding your supply order."

37. Ms. Ford received additional calls from Glutality that played identical prerecorded messages on her voicemail on the following dates and times:

- August 23, 2023 at 4:34pm from (417) 344-9905;
- August 24, 2023 at 10:12am from (417) 344-9905;
- August 25, 2023 at 3:31pm from (417) 201-6272;
- August 29, 2023 at 10:16am and 4:51pm from (417) 557-3535; and,
- August 31, 2023 at 10:17am from (417) 637-3077.

38. Ms. Ford did not provide prior express invitation or permission or consent to receive these telephone calls.

39. Glutality's violations of the TCPA in placing these calls to Ms. Ford were negligent.

40. Alternatively, Glutality's violations of the TCPA in placing these calls to Ms. Ford were willful and knowing.

41. Ms. Ford and the classes were damaged by the violations alleged in this Complaint. Plaintiff's and the putative class members' privacy was improperly invaded, Glutality's calls temporarily seized and trespassed upon the use of their phones, and/or Plaintiff and the putative class members were forced to divert attention away from other activities to address the unwanted telephone calls. Glutality's telephone calls were also annoying and a nuisance, and wasted the time of Ms. Ford and the putative class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## **DEFENDANT'S LIABILITY**

42. Glutality used automated systems to make outbound telephonic sales calls to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

43. Many of these calls utilized an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b).

44. For violations of 47 U.S.C. § 227(b), Ms. Ford and the putative class members are entitled to a minimum of $500 per call, and up to $1,500 per each call determined to be willfully or knowingly placed in violation of the TCPA. *See* 47 U.S.C. § 227(b).

45. In addition, Glutality made two or more telephone solicitations to Ms. Ford and the putative class members, whose numbers were on the National Do-Not-Call Registry at the time of

6

the telephone calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

46. Accordingly, for violations of 47 C.F.R. § 64.1200(c), Ms. Ford is entitled to up to $500 per call through 47 U.S.C. § 227(c), and up to $1,500 per each call determined to be willfully or knowingly placed in violation of the TCPA.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two proposed "Classes," as defined as follows:

### THE TCPA CLASSES

Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification: (1) Defendant (or an agent acting on behalf of Defendant) called (2) using an artificial or prerecorded voice message (3) for the same or similar purpose Plaintiff was called.

("Prerecorded Voice Call Class")

Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification to whom: (1) Defendant placed (or had placed on its behalf) two or more telemarketing calls (2) in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls.

("DNC Registry Class")

(The Prerecorded Class and the Registry Class are together referred to herein as the "Classes.")

48. Excluded from the Classes are Glutality and any entities in which Glutality has a controlling interest; Glutality's agents and employees; Plaintiff's counsel; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

49. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

7

50. The exact number and identities of the persons who fit within the Classes are ascertainable in that Glutality and third parties maintain written and electronically stored data showing:

   a. The time period(s) during which Glutality or its agent made the telephone calls;

   b. The telephone numbers to which Glutality or its agent made telephone calls;

   c. The telephone numbers for which Glutality had prior express written consent;

   d. The purposes of such telephone calls; and

   e. The names and addresses of Class members.

51. The Classes are comprised of hundreds, if not thousands, of individuals.

52. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

   a. Whether Glutality (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

   b. Whether Glutality (or someone acting on its behalf) makes telemarketing calls;

   c. Whether Glutality (or someone acting on its behalf) obtains prior express written consent;

   d. Whether Glutality or the entities with which they contract make solicitation calls and to telephone numbers registered on the National Do-Not-Call Registry;

   e. Whether Glutality's statutory violations were willful and knowing; and

   f. Whether Glutality should be enjoined from engaging in such conduct in the future.

53. Plaintiff is a member of the Classes in that Glutality placed two or more calls for telemarketing purposes, in a one-year period to her telephone number, without her prior express

written consent, and while her telephone number was on the National Do-Not-Call Registry. In addition, certain of these calls utilized an artificial or prerecorded voice.

54. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Glutality's uniform conduct and are based on the same legal theories as these claims.

55. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Glutality's unwanted calls and suffered a nuisance and an invasion of their privacy.

56. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

57. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

58. Glutality has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

59. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

60. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

61. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
## Violations of the TCPA, 47 U.S.C. § 227(b)
## (On Behalf of Plaintiff and the Prerecorded Voice Class)

62. Ms. Ford and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

63. Glutality placed, or had placed on its behalf, prerecorded telephone calls to Ms. Ford's and Class Members' telephone numbers without prior express consent.

64. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b).

65. Glutality has therefore violated 47 U.S.C. § 227(b).

66. As a result of Glutality's unlawful conduct, Ms. Ford and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

67. Ms. Ford and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 277(b)(3).

## SECOND CAUSE OF ACTION
## Violations of the TCPA, 47 U.S.C. § 227(c)
## (On Behalf of Plaintiff and the Registry Class)

68. Ms. Ford and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

69. Glutality made, or had made on its behalf, telephone solicitations to Ms. Ford's and putative Registry Class Members' telephone numbers.

70. Ms. Ford's and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

71. Ms. Ford and putative Registry Class Members each received two or more such calls in a 12-month period.

72. Ms. Ford and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

73. Ms. Ford and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jaime Ford individually and on behalf of the Classes, prays that judgment be entered against Defendant Glutality Provider Group, P.A., and for the Court to grant the following relief:

A. An order certifying the Classes as defined above, appointing Ms. Ford as the representative of the Classes and appointing her counsel as Class Counsel;

B. An order declaring that Glutality's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Glutality from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages under Section 227(b);

E. An award of statutory damages under Section 227(c);

F. An award of treble damages; and,

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** September 29, 2023

/s/ *Christopher E. Roberts*
Christopher E. Roberts #61895MO
David T. Butsch (*pro hac* forthcoming)
**Butsch Roberts & Associates LLC**
7777 Bonhomme Avenue, Suite 1300
Clayton, MO 63104
Phone: 314-863-5700
Fax: 314-863-5711
croberts@butschroberts.com
dbutsch@butschroberts.com

Eric H. Weitz, Esquire (*pro hac* forthcoming)
Max S. Morgan, Esquire (*pro hac* forthcoming)
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

Attorneys for Plaintiff