IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JAIME FORD, *individually, and on behalf of all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 3:23-cv-05082-MDH |
| GLUTALITY PROVIDER GROUP, P.A., | ) ) ) |
| Defendant. | ) |

**ORDER**

Having considered the submissions of counsel for the Court's December 12, 2024, Discovery Dispute Conference, the arguments of counsel at the conference, Plaintiff's instant motion and the relevant authorities, the Court grants Plaintiff's Motion to Enforce Subpoena *Duces Tecum* Directed to Spencer Weiss. (Doc. 61).

Mr. Weiss, through his counsel (the same counsel for Defendant), accepted service of the subpoena in Missouri. Mr. Weiss's counsel acknowledged this at the Discovery Dispute Conference. The deadline to respond to the subpoena was July 12, 2024. Even after counsel agreed to extend the deadline to respond to the subpoena, as Mr. Weiss's counsel acknowledged during the Discovery Dispute Conference, the deadline to object to the subpoena has long passed. *See* FED. R. CIV. P. 45(d)(2)(B) ("objections must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). Mr. Weiss, through his counsel who accepted service of the subpoena, has failed to serve any objections to the subpoena, and Mr. Weiss has therefore waived any potential objections to the subpoena. *See generally Ins. Corp. of Hannover v. Vantage Prop. Mgmt., L.L.C.*, 2005 WL 8159092, at *2 (W.D. Mo. Nov. 22, 2005) (objection based upon the 100-mile radius rule waived where objection was not timely raised); *Terraform Labs Pte.*

*Ltd. v. RH Montgomery Props., Inc.*, 2024 WL 21472, at *1 (E.D. Mo. Jan. 2, 2024) (objections waived where not timely raised).

The subpoena seeks records regarding Mr. Weiss's communications with a person named Chris Rosetti and his various companies. Mr. Rosetti and his various companies purportedly provided the leads to Glutality that were called by Glutality giving rise to the Telephone Consumer Protection Act ("TCPA") violations at issue in this case. Mr. Weiss testified at his deposition that he had communications with Mr. Rosetti and that he did not recall if he had e-mail communications with Mr. Rosetti. Such communications are relevant and proportional to the needs of the case.

The Court hereby orders Mr. Weiss to fully respond to the subpoena, including producing the requested documents. Furthermore, Federal Rule of Civil Procedure 45(g) permits the Court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." FED. R. CIV. P. 45(g). If Mr. Weiss fails to fully comply with the subpoena, the Court may hold Mr. Weiss in contempt of Court. A finding of contempt may include sanctions, including an award of attorneys' fees and incarceration. *See Enslein v. Di Mase*, 2018 WL 4997651, at *1-2 (W.D. Mo. Oct. 15, 2018).

Wherefore, the Court **GRANTS** the Motion to Enforce Subpoena *Duces Tecum* Directed to Spencer Weiss and orders Mr. Weiss to fully respond to the subpoena and produce the requested documents within twenty days. Failure to do so may result in Mr. Weiss being held in contempt of Court.

**IT IS SO ORDERED.**

Date: January 8, 2025  *s/ Douglas Harpool*
DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE