IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| **JAIME FORD,** *individually, and on behalf of all others similarly situated*, | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) Case No. 3:23-cv-05082-MDH ) |
| **GLUTALITY PROVIDER GROUP, P.A.,** | ) ) |
| **Defendant.** | ) ) |

## ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ENTERING JUDGMENT

The Court has considered Plaintiff Jaime Ford's ("Plaintiff") Motion to Enforce Settlement (the "Motion") [Dkt. 102, 103] and has received no opposition to the Motion from Defendant Glutality Provider Group, P.A. ("Defendant"). The Court, for the reason set forth below, grants Plaintiff's Motion and enters judgment in favor of Plaintiff in the amount of $227,500.00, plus costs.

On October 9, 2024, the Court held a Settlement Conference. [*See* Dkt. 51]. After approximately 3 hours and 30 minutes, the parties reached a settlement to resolve the case. [Dkt. 51]. The parties put the terms of the settlement on the record. [Dkt. 51]. Defendant agreed to pay Plaintiff $227,500.00 on or before October 31, 2024, for a release of her individual claims. On October 10, 2024, Plaintiff prepared a settlement agreement to document the settlement and provided it to Defendant's counsel. The parties and their counsel agreed upon the form of the settlement agreement and circulated the settlement agreement for signature. Plaintiff signed the agreement on October 15, 2024, and provided a copy to Defendant. Defendant never signed the settlement agreement, the terms of which were agreed upon by the parties and their counsel.

The existence of this agreement was also later confirmed by Defendant's now former CEO. At a subsequent conference with the Court on June 2, 2025, Defendant's now former CEO advised the Court that one of Defendant's lenders, Advantage Capital Management, LLC, was aware of the settlement and reneged on its obligations on behalf of Defendant.

A settlement put on the record following a settlement conference is sufficient to create a binding settlement. *See Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, 528 F.3d 556, 561 (8th Cir. 2008) ("An open court stipulation as to a settlement agreement is a contract but made with more solemnity and with better protection to the rights of the parties than an ordinary contract made out of court." (quotation omitted)). In this case, the principal terms of a settlement agreement were established during the settlement conference with the Court as there was an offer, acceptance, and a mutual meeting of the minds on all material elements. Defendant has no excuse or defense for failing to comply with the terms of the settlement. This is particularly true where Defendant (and its lender) knew of the terms of the settlement, agreed to the terms of the settlement, and willfully breached the terms of the settlement.

Accordingly, the motion is **GRANTED** and judgment is hereby entered in favor of Plaintiff in the amount of $227,500.00, plus all taxable court costs. Plaintiff's counsel shall submit a bill of costs.

**IT IS SO ORDERED**.

DATED: October 27, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**